PHILIPP TRANSIT LINES, INC., Vincent D. Vogler, Jr., Trustee, Plaintiff,

v.

XEROX CORPORATION, Defendant.

No. 82–0368 C (5).

United States District Court,
E.D. Missouri.

Dec. 29, 1983.

Norman Pressman, St. Louis, Mo., for plaintiff.

Joseph M. Kortenhof, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION AND JUDGMENT

LIMBAUGH, District Judge.

This case tried before the Court involves a dispute between a shipper and carrier as to the proper method of calculating the charge for a shipment of freight consisting of interstate and intrastate portions.

Plaintiff carrier is the trustee in bankruptcy of Philipp Transit Lines, Inc. (Philipp), which is a Missouri corporation with its principal place of business in the State of Missouri. Philipp Transit Lines, Inc. was adjudicated a bankrupt on April 22, 1980. All references hereinafter to plaintiff shall be deemed to include the trustee or Philipp Transit Lines, Inc., as the context may require.

Philipp was a common carrier of freight under certificates issued by the Interstate Commerce Commission and Missouri Public Service Commission. It was a party to all tariffs referred to herein which were duly and properly filed with the proper authorities.

Defendant, Xerox Corporation (Xerox), is a corporation now and at all times hereinafter referred to existing under the laws of the State of New York, qualified to do business in the State of Missouri, with its principal place of business in a state other than that of Missouri.

The matter in controversy concerns the movement in both inter- and intrastate commerce of certain products. The Court has jurisdiction over the subject matter of this cause of action with regard to those shipments in interstate commerce because the case arises under what is now the Revised Interstate Commerce Act, 49 U.S.C. § 10761(a), giving the Court jurisdiction under 28 U.S.C. § 1337, and also because this case concerns citizens of different states, giving the Court jurisdiction under 28 U.S.C. § 1332. With respect to the shipments in intrastate commerce (Missouri), this Court has jurisdiction under § 1332.

The problem arises from the transportation by Philipp for Xerox of 39 separate movements of freight, starting on January 13, 1978, and concluding on June 6, 1978.

The movements were more or less similar in nature, although the product mix and some of the destinations were different. In each of the movements, certain products were tendered by Xerox to Philipp in St. Louis, Missouri, for transportation to Kansas City, Missouri. At the time the movements were tendered to Philipp, Xerox prepared and tendered to Philipp a master bill of lading showing all the items which were then tendered to Philipp.

At the time the master bill of lading was tendered, a document entitled "Distribution/Consolidation Manifest" was also tendered, which showed a summary of the ultimate destinations of the subparts of the movement.

At the time the movement was tendered to Philipp in St. Louis, a separate straight bill of lading was also tendered for each subunit of the movement, showing specifically which items were to be delivered to which ultimate destinations.

Some of the ultimate destinations were inside the State of Missouri and some were outside of the State of Missouri and were so noted on the "Distribution/Consolidation Manifest".

Philipp was a party to the National Motor Freight Classification which provides in Item 110, Section 5:

"Unless otherwise provided in carriers' tariffs, a shipment consists of a lot of freight tendered to a carrier by one consignor at one place at one time for delivery to one consignee at one place on one bill of lading."

Each movement between St. Louis and Kansas City constituted a single shipment under this definition.

Philipp charged and Xerox paid Philipp a charge for each of the 39 movements based on the applicable tariffs. For each movement, only the amount of the "linehaul charge" between St. Louis and Kansas City is in issue, and the proper method of calculating the linehaul charge is the subject of this opinion.

Payments and charges were made with the minimum weight calculated by aggregating the weights of the interstate and intrastate portions of each movement and giving Xerox rates based on the gross weight of each movement.

Philipp audited its freight bills and then claimed that the original billing was erroneous. Philipp now claims that the total charge for each movement should be calculated as if each movement was one interstate shipment and one intrastate shipment, without aggregating the weights of the two in order to calculate the minimum weight. Under this method, the charge for all the movements would be $32,809.50, or $15,806.57 more than Philipp had originally billed Xerox for and Xerox had paid.

No applicable tariff expressly permits or expressly prohibits the method of calculation first used by Philipp and now advocated by Xerox.

■ Calculating the minimum weight by aggregating the weights of the interstate and intrastate portions of each movement to determine rates based on the gross weight of each movement was correct.

■ A shipment of freight will qualify for a lower rate per hundred weight if the weight of the shipment exceeds a specified minimum weight. If the actual weight is less than the minimum weight, the customer may still qualify for the lower rate by paying for the deficit up to the minimum weight. The determination of whether a shipment qualified for the lower rate is the process of "calculating the minimum weight" referred to earlier in this opinion. When a single shipment of freight consists of interstate and intrastate portions, the rates for the shipment are to be calculated by aggregating the weights of the interstate and intrastate portions, even if the applicable tariffs do not expressly provide for such aggregation. *W.T. Grant Co. v. Fredrickson Motor Exp.,* 350 I.C.C. 486 (1975), *affirmed sub nom. Fredrickson Motor Exp. Corp. v. I.C.C.,* 546 F.2d 104 (5th Cir.1977); *Armour & Co. v. Tri-State Motor Transport Inc.,* 49 M.C.C. 46, 47, 52 (1949) (see also discussion of this proceeding in *W.T. Grant,* 350 I.C.C. at 490). Missouri law does not prohibit the *Fredrickson* method of aggregation.

Xerox paid a charge for each movement which was calculated by aggregating the weights of the interstate and intrastate portions of each movement. The Court finds that such aggregation was proper.

Plaintiff argues that the aggregation was improper because it was not expressly authorized by any applicable tariff, and cites the Revised Interstate Commerce Act, 49 U.S.C. § 10761(a). to support its position. However, plaintiff's suggested method of calculation is not expressly authorized by any applicable tariff, either. Plaintiff wishes to divide each movement into two

shipments, one interstate and one intrastate. This division is based on a series of inferences derived from the structure of the applicable tariffs. But the applicable definition of "shipment" does not authorize treating each movement as two separate shipments. *See W.T. Grant, supra,* 350 I.C.C. at 490.

 When tariffs are ambiguous, as they are here, such ambiguities are to be construed against the carrier. *Penn Central Company v. General Mills, Inc.,* 439 F.2d 1338, 1341 (8th Cir.1971). Aggregating the interstate and intrastate weights as required by *Fredrickson* was proper, and defendant has paid plaintiff for the shipments the correct amount due. This opinion constitutes the findings of fact and conclusions of law required by Rule 52, Fed.R.Civ.Pro. Judgment will be entered for the defendant.